# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **AMANDA PORTER, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 4:09-CV-202-VEH** |
| ) | |
| **ANGELA SPARKS, an individual;** ) | |
| **MARSHALL COUNTY COURT** ) | |
| **REFERRAL SERVICES, INC., a** ) | |
| **corporation;,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

Before the Court is the Defendants' Motion to Dismiss Counts I, II, III, X, and XI of Plaintiff's Complaint (Doc. 10), filed on May 5, 2009. For the reasons discussed below, the Court finds that the motion is due to be **GRANTED**.

This case arises out of an alleged hostile work environment created by Defendant Angela Sparks, who supervises Plaintiff Amanda Porter at her job with Marshall County Court Referral Services, Inc. (Doc. 1 at ¶¶ 6-10.) According to Plaintiff, the Defendants subjected her to harassment and physical abuse at her job, resulting in financial and emotional damage. (*Id.* at ¶¶ 11-17.)

This case was filed on February 2, 2009, and, in her Complaint, Plaintiff

alleged eleven (11) causes of action against Defendants Angela Sparks and Marshall County Court Referral Services, Inc., including both Title VII claims and state law claims. (*Id.* at ¶¶ 19-75.)  Defendants filed a timely Motion to Dismiss (Doc. 10) on May 5, 2009, seeking to dismiss counts I, II, III, X, and XI of the Plaintiffs' Complaint.

Defendants first argue that Counts I, II, and III of the Plaintiff's Complaint, brought under Title VII of the Civil Rights Act of 1964, are due to be dismissed as to Defendant Angela Sparks because she was not Plaintiff's employer and consequently cannot be the subject of any claims brought under Title VII.  (Doc. 10 at 1-3.)  Plaintiff responds that she does not intend to pursue any Title VII claims against Defendant Angela Sparks.  (Doc. 14 at ¶ 1.)  Therefore, Defendants' motion is due to be **GRANTED** as to Counts I, II, and III insofar as they seek recovery against Defendant Angela Sparks.

Next, Defendants contend and Plaintiff agrees that Counts X and XI are due to be dismissed because the Court lacks subject matter jurisdiction. (Docs. 10 at ¶¶ 4-5; 14 at ¶ 4.)  Plaintiff also suggests that the Court dismiss these counts without prejudice so that the Plaintiff may refile the claims in state court.   Because the Plaintiff does not oppose Defendants' motion in this regard, the Motion to Dismiss is due to be  **GRANTED** as to Counts X and XI.

To summarize, the Court finds that the Defendants' Motion to Dismiss is due to be **GRANTED**.  Plaintiff has not opposed any substantive aspect of the Defendants' motion.  Therefore, Counts I, II, and III are due to be dismissed as to Defendant Angela Sparks and Counts X and XI are due to be dismissed in their entirety.  A separate Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this the 15th  day of June, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge